IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AIDEN JONES
(a/k/a AJ) PLAINTIFF

v. Civil No. 2:24-cv-02127

CAPTAIN NICK McKITTRICK
(Johnson County Detention Center "JCDC");
SERGEANT CODY HORN (JCDC);
DETENTION DEPUTY KATIE STEWART
(JCDC) DEFENDANTS

**OPINION AND ORDER**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* All parties have consented to the jurisdiction of the undersigned. Currently before the Court is Defendants' Motion for Partial Summary Judgment. (ECF No. 70).

## I. BACKGROUND

Plaintiff filed his Complaint on October 10, 2024. (ECF No. 1). He filed an Amended Complaint on October 31, 2024. (ECF No. 7). In his Amended Complaint, Plaintiff alleges that he was subjected to excessive force and false imprisonment by use of a restraint chair and then denied medical treatment. (*Id.*). He alleges this occurred on September 27, 2024, to September 28, 2024. (*Id.*). He proceeds against all Defendants in their official and individual capacities. (*Id.*). He seeks compensatory, punitive, and other damages. (*Id.* at 11). The other damages include a declaratory statement, a permanent injunction against Defendants, and apology statements. (*Id.*).

Defendants filed their Motion for Partial Summary Judgment on July 30, 2026. (ECF No. 70). Defendants argue that Defendant Johnson County is entitled to qualified immunity and partial summary judgment on Plaintiff's official capacity claims. (*Id.* at 2, 4). Defendants argue that

Plaintiff failed to allege "that any policy *directed* any employee or official of Johnson County to violate Plaintiff's constitutional rights." (*Id*. at 5). They further argue that:

> Plaintiff has put forth no evidence of a prior, continuing, widespread, similar, pattern of unconstitutional actions by these Defendants. He testified in his deposition that "[i]t really should have been more ... like a widespread practice claim" and that no policy caused him to be treated this way. Further, he testified in his deposition that he doesn't have knowledge of the widespread practice of using the restraint chair.

(*Id*. at 5). Defendants concede, without admitting fault or liability, that there are questions of material fact concerning Plaintiff's individual capacity claims. (*Id*. at 1, n. 1).

Plaintiff filed his Motion to Waive Response to Summary Judgment (ECF No. 76) on September 9, 2026, in which he states that he agrees with Defendants and asks that the Court enter judgment accordingly. (*Id*.).

Having changed his mind, on September 28, 2026, Plaintiff filed a Motion to Withdraw his Waiver of Summary Judgment Response. (ECF No. 77). As grounds, he states that he has now obtained new information from an inmate he met in the Arkansas Division of Correction ("ADC"), where he is now incarcerated. (*Id*. at 1). Plaintiff does not describe the information or identify the witness in his motion. Plaintiff also filed a Response in Opposition to the Motion for Summary Judgment, a brief in support, and a statement of disputed facts. (ECF Nos. 78, 79, 80). In these documents he states that the other ADC inmate was in the Johnson County Detention Center for 19 months and stated that he saw the restraint chair used three times. Plaintiff alleges that two of these circumstances were similar to his. (*Id*. at 2). The other inmate, identified as Shane McCoy (*Id*. at 1), was not restrained in the chair. (*Id*. at 2-3). Plaintiff argues that this establishes an unconstitutional pattern. Defendants filed a Reply to this Motion to Withdraw his initial Summary Judgment Response on October 5, 2026. (ECF No. 81). They argue that Plaintiff's Motion to Withdraw should be denied and partial summary judgment granted to Johnson County because:

> Plaintiff testified in his deposition that "[i]t really should have been more ... like a widespread practice claim" and that no policy caused him to be treated this way. Further, he testified in his deposition that he doesn't have knowledge of the widespread practice of using the restraint chair. He now attempts to conjure a widespread policy by belatedly providing hearsay testimony from a witness that was not disclosed in discovery (and not in the form of an affidavit) that essentially simply describes two other instances of restraint chair use (which are fairly common in a jail setting). This belated attempt should be rejected.

(*Id*. at 3). The Court agreed with Defendants' arguments, and Plaintiff's Motion to Withdraw his Response was denied on October 7, 2026. (ECF No. 82). The accompanying Response in Opposition documents were struck from the record. (*Id*.).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not

adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. ANALYSIS

Here, Plaintiff initially agreed that there are no genuine issues of material fact as to his official capacity claims against Johnson County. His belated attempt to change his position has been stricken. Johnson County is entitled to summary judgment as a matter of law as to Plaintiff's official capacity claims against the named Defendants.

## IV. CONCLUSION

For these reasons, the Defendants' Motion for Partial Summary Judgment (ECF No. 70) is **GRANTED**, and Plaintiff's official capacity claims against Johnson County are **DISMISSED WITH PREJUDICE**. Plaintiff's individual capacity claims against the separate Defendants remain for further review.

IT IS SO ORDERED on this 7th day of October 2026.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE